IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DENISE RODRIGUEZ-BENITEZ, *et al.*,

   **Plaintiffs**,

      v.

HECTOR BERRIOS-ECHEVARRIA, *et al.*,

   **Defendants**.

CIVIL NO. 18-1129 (JAG)

## OMNIBUS OPINION AND ORDER

**GARCIA-GREGORY, D.J.**

    Before the Court is co-Defendant CMT HIMA San Pablo Caguas's ("CMT") Motion for Reconsideration of Order. Docket No. 127. Also before the Court are the motions for spoliation and request for leave to file dispositive motions filed by Plaintiffs Denise Rodriguez-Benitez ("Rodríguez"), Leo Millan, and the conjugal partnership formed between them (together, "Plaintiffs"). Dockets No. 97; 121. For the following reasons, CMT's Motion for Reconsideration is **MOOT**, Plaintiffs' motions for spoliation are **DENIED,** and the request for leave to file dispositive motions is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

    The discovery issue at hand turns on CMT's failure to provide a complete copy of fetal heart tracing readings taken between April 26 and May 1, 2012. Plaintiffs moved for a finding of spoliation against CMT on November 12, 2019. Docket No. 97. CMT allegedly found the missing tracings in December of that year. Docket No. 113. At a status conference held on February 4, 2020, the Court ordered CMT to produce the tracings. Docket No. 120. The Court further ordered

Plaintiffs to request leave of the Court within ten days to file a motion for summary judgment and set a deadline fourteen days later for Defendants to respond. *Id.*

After CMT produced 325 pages of fetal heart tracings, and within ten days of the aforementioned status conference, Plaintiffs requested leave to file for summary judgment and renewed their request for spoliation, alleging that the 325 pages produced did not include complete tracings from April 28, 29, 30 and May 1. Docket No. 121. CMT sought to enlarge the time to file a response to that motion. Docket No. 125. The Court denied its request. Docket No. 126. CMT moved the Court to reconsider that order. Docket No. 127.

## DISCUSSION

### I. Motion for Reconsideration

A motion for reconsideration must "either clearly establish a manifest error of law or . . . present newly discovered evidence." *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st Cir. 2006). "Likewise, a motion for reconsideration should be granted if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but [of] apprehension.'" *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Sandoval Diaz v. Sandoval Orozco*, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)).

Rule 6(b) of the Federal Rules of Civil Procedure provides that: "[when] an act may or must be done within a specified time, *the court may, for good cause, extend the time. . ..*" Fed. R. Civ. P. 6(b) (emphasis added). Thus, for CMT's initial motion for an extension of time to have succeeded, it must have demonstrated good cause for enlarging the time for filing.

CMT stated in its motion for extension of time that

> In view of the allegations propounded by plaintiffs, particularly as to renewal for the request as to spoliation, CMT wishes to respond

> to the aforesaid statements. However, to properly clear any misrepresentation that plaintiffs are intending to establish through the motion, the undersigned will need additional time to respond to plaintiffs' motion since the same must be coordinated with Hospital personnel.

Docket No. 125 at 1. In its order denying the extension of time, the Court found that CMT was not entitled to additional time for investigating Plaintiffs' allegations when these allegations had already been made months earlier, and CMT had enjoyed ample time to investigate the whereabouts of the "missing" fetal heart tracings. Docket No. 126. However, the Court's decision failed to consider that, in the context of the 325 pages of fetal heart tracings newly produced to Plaintiffs, the allegations made by Plaintiffs in their renewed motion for spoliation, Docket No. 121, were sufficiently distinct from their previous iterations so as to require vigorous reinvestigation.

CMT's motion for reconsideration makes clear to the Court that, while its first investigation successfully sought to ascertain the existence and location of the missing heart tracings, the second investigation, for which it requested additional time, sought to confirm the completeness of the record and understand why Plaintiffs assert that over 100 hours of tracings remained unaccounted for. Docket No. 127. There is a slight, but important, distinction between the two.

However, in its order denying CMT's request to enlarge the time for filing, the Court confounded the two and held that the second investigation was unnecessary because the first had already been conducted. Thus, the Court "patently misunderstood a party" and "made an error not of reasoning but [of] apprehension" that should be rectified. *Ruiz Rivera*, 521 F.3d at 81-82. There was, in fact, good cause to extend CMT's time to file. See Fed. R. Civ. P. 6(b). While CMT has met the requirement for reconsideration of the denial of the extension of time, the Court does not need

CIVIL NO. 18-1129 (JAG) 4

to consider the arguments in CMT's motion for reconsideration to rule on Plaintiffs' motions for spoliation, because all the evidence needed to make the proper determination can be found in the exhibits attached to Plaintiffs' own motions. See Docket Nos. 97-2; 97-3.

As such, CMT's motion for reconsideration is hereby deemed **MOOT**.

II. Motions for Spoliation

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Vélez v. Marriott P.R. Mgmt., Inc.*, 590 F. Supp. 2d 235, 258 (D.P.R. 2008) (citations omitted). A party that moves for spoliation must demonstrate that the nonmovant knew of the existence of a claim and that the evidence in question was potentially relevant to that claim. *See Testa v. Wal–Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir.1998); *Rivera v. Sam's Club Humacao*, 386 F. Supp. 3d 188, 200 (D.P.R. 2018).

If that "evidentiary foundation" is properly laid, "a trier of fact may (but need not) infer from a party's obliteration of a document relevant to a litigated issue that the contents of the document were unfavorable to that party." *Booker v. Mass. Dep't of Pub. Health*, 612 F.3d 34, 45 (1st Cir. 2010) (quoting *Testa*, 144 F.3d at 177). However, "[a] spoliation instruction is not warranted absent this threshold showing, because the trier of fact would have no basis for inferring that the destruction of documents stemmed from the party's consciousness that the documents would damage [their] case." *Id.* at 46.

In the present case, the Court need not delve too deep into the matter. Plaintiffs' motions for spoliation cannot succeed because they have not shown, and the record does not indicate, that any evidence has been destroyed or otherwise lost. In fact, the "over 100 hours of fetal heart

CIVIL NO. 18-1129 (JAG)                                                                                          5

tracings" that CMT "has failed to produce," Docket No. 121 at 2, simply do not exist, because they were never taken.

In their initial motion for spoliation, Plaintiffs argued that co-defendant Dr. Héctor Berrios Echevarría ("Dr. Berrios") ordered that fetal heart tracings be taken continually throughout Plaintiff Rodríguez's six-day hospitalization. Docket No. 97. They alleged that only around five hours and forty-eight minutes of fetal heart tracings had been turned over, leaving well over 100 hours unproduced. They were partially correct, insofar as CMT had failed to produce all tracings taken on April 26 and 27.

Per Dr. Berrios' deposition testimony, Rodríguez was admitted to the labor room on April 26 and remained there until the following morning. Docket No. 97-3 at 13. She was then transferred to the maternity ward, where she stayed until her discharge on May 1. *Id.* Continuous fetal heart tracings were to be taken while Rodríguez was in the labor room, and then twice a day while she was in the maternity ward:

> Mr. Soler: The tracing at the labor room has to be continuous?
> Dr. Berrios: Yes
> Mr. Soler: And then the tracing for the maternity ward is a non-stress test that is taken at certain times, during the - -
> Dr. Berrios: Twice a day.

*Id.* at 13-14. Dr. Berrios also stated that "[at] maternity ward the orders written says, [sic] 'Fetal monitoring and non-stress test twice a day,'" and that "the continued electronic fetal monitoring is done at [the] labor room . . .." *Id.* at 12.

Thus, Dr. Berrios's deposition testimony indicates that, rather than over 100 hours of tracings, CMT needs to produce continuous tracings taken since Rodríguez's admission to the labor room on April 26 until her transfer to the maternity ward on the morning of April 27. From then until April 30, the evidence produced should contain two tracings per each day. Because

CIVIL NO. 18-1129 (JAG) 6

Rodríguez was allegedly discharged at 9:00 AM on May 1, there should be one tracing for that day as well. The record indicates that CMT has produced these tracings in full.[1]

Plaintiffs concede that the 325 pages CMT belatedly produced in February of 2020 "include the tracings from April 26 and 27, 2012." Docket 121 at 3. The remaining tracings can be all found in Exhibit 2 of Plaintiffs' motion for spoliation. Docket No. 97-2. Indeed, there are two tracings for April 28, two for April 29, three for April 30, and one for May 1. *Id.* at 1-7 and 23-28; at 29-36 and 37-41; at 17-22, 50-58 and 59-63; and at 64-68.

As such, Plaintiffs have failed to show that evidence has been destroyed or otherwise lost. Their motions for spoliation are accordingly **DENIED**.

III. Leave to File Dispositive Motions

Plaintiffs move the Court for leave to file dispositive motions long after the October 30, 2019 deadline for doing so, because they received evidence–namely, the 325 pages produced in February of 2020–well after discovery was closed. The Court hereby **GRANTS IN PART** and **DENIES IN PART** this request. Plaintiffs shall <u>ONLY</u> file claims and raise arguments against CMT that could not have been raised in the absence of the April 26 and 27 fetal heart tracings belatedly produced.

---

[1] Whether by design, carelessness, or misinterpretation, Plaintiffs misrepresent the record in their motions for spoliation. They would be well advised to address this Court in an educated, thorough, and transparent manner in the future.

CIVIL NO. 18-1129 (JAG)                                                                                          7

## CONCLUSION

For the reasons stated above, CMT's motion for reconsideration is deemed **MOOT**. Docket No. 127. Plaintiffs' motions for reconsideration are **DENIED** and their request for leave to file dispositive motions is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this Wednesday, March 17, 2021.

<u>S/ JAY A. GARCIA-GREGORY</u>
JAY A. GARCIA-GREGORY
SENIOR U.S. DISTRICT JUDGE